**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

WANDA NEWSOME, CATHERINE    *
ESTES and SHAUNDA CLARK
     **PLAINTIFFS**            *        **CIVIL ACTION**

     **v.**                   *

                              **FILE NO:** 4:11-CV-5-CDL
ALL-PRO LOCK & TOW, INC.     *        **Jury Trial Demanded**
     **DEFENDANT**

## COMPLAINT

COMES NOW Wanda Newsome, Catherine Estes, and Shaunda Clark,

hereinafter designated and referred to individually as "Plaintiff Newsome", "Plaintiff

Estes", and "Plaintiff Clark", and collectively referred to as "Plaintiffs", and bring this

their action as against All-Pro Lock & Tow, Inc., hereinafter designated and referred to as

"Defendant", and for cause respectfully show as follows:

### NATURE OF COMPLAINT

1.

All Plaintiffs bring this action pursuant to Section 16(b) of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. § 2201, et. seq. ("FLSA") for unpaid

wages, unpaid overtime compensation, prejudgment interest, liquidated damages,

attorney's fees, and costs.

2.

Defendant and Plaintiffs, as nonexempt employees, are true Plaintiffs, as exempt

employees that have failed to compensate Plaintiffs for all hours worked in excess of

forty (40) hours each work week at one and a half times their regular rates of pay.

## JURISDICTION AND VENUE

### 3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).  This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1343 as it presents a federal question.  Defendant uses real property for its business transactions within the Middle District of Georgia, transacts business within the Middle District of Georgia through its facilities herein, and derives substantial revenue from services rendered in this State.

### 4.

Venue is proper in this District because the Defendant violated the statute at issue in the Middle District of Georgia, and the Plaintiffs worked for Defendant who is located in this District.

## PARTIES

### 5.

Plaintiffs are current or former employees of Defendant and are or were employees as defined by 28 U.S.C. § 203(e).

### 6.

Wanda Newsome was, at all times relevant to this litigation, employed by Defendant as a dispatcher.

### 7.

Shaunda Clark was, at all times relevant to this litigation, employed by Defendant as a dispatcher.

8.

Catherine Estes was, at all times relevant to this litigation, employed by Defendant as a bookkeeper.

9.

Defendant is a Georgia corporation licensed to do business in Georgia.  Defendant maintains offices and does business within the Middle District of Georgia, and maintains a registered office located at 3104 Hamilton Road, Columbus, Georgia 31904 (Muscogee County).  Defendant may be served with this Complaint and Summons via its registered agent Ron S. Iddins at 1520 Third Avenue, Suite 3, Columbus, Georgia 31901 (Muscogee County).

10.

Each Defendant is an "employer" within the meaning of the FLSA, and each Plaintiff is an "employee engaged in commerce" within the meaning of the FLSA.

11.

Plaintiffs are entitled to the protection afforded by the minimum wage and overtime provisions of the FLSA and have standing under Section 16(b) of the FLSA to maintain this action on behalf of themselves.

## FACTUAL ALLEGATIONS

12.

All Plaintiffs worked as employees hired by Defendant either to handle calls or dispatching of road services or bookkeeping in the operations of Defendant at facilities maintained by the Defendant.

13.

While their hourly rates of pay varied, all Plaintiffs were subject to the same pay policies and practices as all other persons working in this or similar capacity for the Defendant.

14.

Plaintiffs are not, and have never been, "exempt" employees or independent contractors.

15.

During their employment, Plaintiffs' entire occupational functions were performed at the facilities of the Defendant and totally and completely controlled the time, manner, and method of performance of their employment functions.

16.

During their employment, Plaintiffs were assigned to work typically as much as 9.25 hours per day but were paid for forty (40) hours per week in a five day work week.

17.

The pay policy and/or practice of Defendant expressly provides for payment of forty (40) hours per week as indicated on its pay records which are in variance with its day to day time cards, because all employees performed in a day's work, and with the insistence of Defendant, in a particular manner at a particular place at a particular time in excess of eight hours per day in a five day work week.

18.

Plaintiffs submitted time cards reflecting actual time but were not compensated for the time worked.

19.

As a result of Defendant's pay practices, Plaintiffs were not compensated for hours actually worked during the work week.

20.

Unrelated to any production requirements, Plaintiffs were required to work in excess of forty (40) hours in a week for which they were not compensated in accordance with the FLSA.

21.

Because of the pay policy and/or practice of Defendant, Plaintiffs did not receive compensation for hours worked in excess of forty (40) hours in a week attributable to Defendant's control of time, manner, and method of performance of its requirements.

22.

Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern of failing to pay overtime compensation with respect to Plaintiffs.

## COUNT I

## VIOLATION OF THE FLSA; UNPAID COMPENSATION

## AND OVERTIME COMPENSATION

Plaintiffs herewith incorporate the allegations contained in the above paragraphs as if fully set forth herein.

23.

Plaintiffs were not paid for hours worked.

24.

In addition, during the relevant period, the Plaintiffs worked in excess of forty (40) hours per week for Defendant.

25.

In those work weeks, Plaintiffs were not paid overtime compensation by Defendant as required by Section 207 of the FLSA.

26.

Defendant's actions constitute a willful violation of 29 U.S.C. § 207.

27.

Plaintiffs have been damaged by means of failure to receive compensation for time worked as a direct result of Defendant's violations of the FLSA.

28.

Plaintiffs are entitled to compensation in the amount of $29,452.68 for all unpaid hours at time and a half of their regular rates for all hours worked in excess of forty (40) hours per week which were denied to them as a result of Defendant's policies, together with $29,452.68 as liquidated damages, or $58,905.36, as by statute provided.

29.

As a direct and proximate result of Defendant's failure to pay compensation as required by the FLSA, Plaintiffs have incurred and are incurring costs and reasonable attorney's fees.

**PRAYERS**

Wherefore, Plaintiffs respectfully pray as follows:

(a) that Summons issue and Defendant be served as by law provided;

(b) that an order issue requiring payment of overtime wages for all unpaid hours worked in excess of forty (40) hours per week at the rate of one and one half times their regular hours of pay;

(c) that an order issue requiring payment of an equal amount as liquidated damages allowed under the FLSA;

(d) that an order issue requiring payment of reasonable attorney's fees, costs, and litigation expenses as provided by the FLSA;

(e) that an order issue requiring payment of prejudgment and post-judgment interest at the highest rates allowed by law;

(f) that all costs of this action be taxed to Defendant;

(g) that all issues triable by jury be tried by a jury; and

(h) such other and further relief as unto this Court may seem just and equitable in the premises.

This 17th day of January 2011.

/S/John W. Roper
John W. Roper

Prepared by:

John W. Roper
5353 Veterans Parkway, Suite A
Columbus, Georgia 31904
(706) 596-5353
johnroper@roperlaw.com
State Bar No: 614159